No. 3044

Second Circuit

---

YOURTEE, ET ALS., v. SMITH-HALL LUMBER CO.

---

(December 21, 1927. Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Obligations—Par. 166.**

Where one violates his contract granting him the right of ingress and egress to and from another's land in such a manner as to cause the least injury, by unnecessarily destroying fences and ruining pasturage, he is liable for the damage done.

2. **Louisiana Digest—Damages—Par. 106; Appeal—Par. 637.**

The finding of the trial court of $1,200.00, quantum of damage to and destruction of fences and loss of pasturage, being clearly excessive, is reduced to $900.00.

Appeal from the Sixth Judicial District Court of Louisiana, Parish of Tensas. Hon. F. X. Ransdell, Judge.

Action by S. T. Yourtee, et als., against Smith-Hall Lumber Company.

There was judgment for plaintiffs and defendants appealed.

Judgment amended and affirmed.

Young & Watson, of St. Joseph, attorneys for plaintiffs, appellees.

Tullis & Wade, of St. Joseph; J. B. Snyder, of Tallulah, attorneys for defendant, appellant.

REYNOLDS, J. This is an action under Article 1930 of the Civil Code to recover damages in the sum of $1,850.00 for active breach of contract.

Plaintiffs sold to Cardwell Stave Company standing and down merchantable timber on certain lands and stipulated in the act of sale, among other things, that the purchaser

"shall have the right of ingress and egress over, in and through said above described property for the purpose of cutting and removing said timber, the sale of which is herein made, and for other timber, for the life of this right, which right carries with it the right to construct and operate over and through said premises their tramways and railways; above right to be exercised in such manner as to cause least injury to vendors herein, and where farm, fields or pastures are gone through and over, fences gone through, gates must be maintained, and where damage is done to growing crops, said vendors must be compensated for same."

The Cardwell Stave Company assigned its contract to defendant, Smith-Hall Lumber Company, the transfer stipulating that 'the said merchantable timber being sold subject to the clauses, stipulations and conditions contained in the act of sale from S. T. Yourtee, et als., to the Cardwell Stave Company".

Plaintiffs allege that defendant, in its logging operations, negligently burned a cabin on the land worth $250.00, that it left gates open and tore down fences, whereby cattle had access to and ate up he grass on 1,000 acres of pasturage during the year 1925 and part of the year 1926, which pasturage was worth $400.00; that it failed to construct gates or cattle guards where it removed fences, in consequence of which cattle obtained access to and destroyed the crop of cotton on ten acres of

land leased by plaintiffs to a tenant, which crop would have produced eight bales of cotton and that their share thereof would have been one-fourth and worth $200.00; and that in felling trees near plaintiff's fence defendant destroyed two miles of wire fencing and left tree tops lying over and across the fence line, and that the fence was worth $500.00 and the cost of removing the tree tops and replacing the fence will be $500.00.

Defendant denied liability.

On these issues the case was tried and there was judgment in favor of plaintiffs and against defendant for $1,200.00 with legal interest from judicial demand, and defendant appealed.

## OPINION

The evidence clearly establishes that defendant failed to comply with its contract to exercise its right of ingress and egress to and from plaintiff's land "in such manner as to cause least injury to vendors herein, and where farm, fields or pastures are gone through and over, fences gone through, gates must be maintained, or cattle guards must be maintained".

Our learned brother of the District Court, in a long and well-considered written opinion, said:

"The contract provided that in entering upon the property of complainant, the defendants were to maintain cattle gaps and gates when fences were passed through. There is no evidence to the effect that these were constructed or maintained, or that the defendants removed the timber in such manner as to cause the least damage to the complainant. On the other hand, the evidence seems ample to the effect that the defendants took no steps in the cutting and removing of said timber; to prevent damage to the complainant. The trees seem to have been thrown regardless as to whether they fell on and damaged the fences or not. The defendant takes the position that the fences were of such a character as to preclude the necessity of its observing the rights of the complainant, by observing the terms of the contract."

The evidence, in our opinion, fully justifies this conclusion, and that plaintiffs are entitled to judgment for whatever damage it shows they sustained.

As to the item of $250.00 for loss of a cabin by fire, it was not allowed by the District Court, and we think its disallowance correct, as the evidence does not connect defendant with the fire; but if it were otherwise, we still would be unable to give plaintiffs judgment for the amount as they have not appealed from the judgment nor answered defendant's appeal.

As to the claim of $400.00 for loss of pasturage on a thousand acres for one year and part of another year, the evidence, in our opinion, shows plaintiffs entitled to recover for this loss and also that the pasturage was reasonably worth $200.00 per year; but as plaintiffs only sue for the value of the pasturage for the year 1925 and for the year 1926 up to the date of filing of the suit, July 8, 1926, or say one and one-half years, the allowance as to this item should have been $300.00 instead of $400.00.

The judgment allows plaintiffs $500.00 for replacement of the wire fence destroyed. Under the testimony of S. T. Yourtee, B. W. Berry, L. H. Cook and F. G. Smith, we think this item of damage is established.

The judgment allowed $100.00 for clearing the fence line of tree tops left there by defendant. On the claim for damages for this account the evidence is conflicting, and we are unable to say that the finding of the trial judge is erroneous.

The District Judge allowed plaintiffs $200.00 for loss of their share as landlords

of their tenant's crop of cotton destroyed by cattle. We do not think this item of loss is sustained by the evidence. There is no proof that the ten acres of cotton were properly planted or that there was ever a good stand on the land or that the crop had been properly cultivated and that it had escaped attack by the boll weevil and other enemies that a growing cotton crop is subject to. In our opinion the evidence is wholly inadequate to justify the allowance of this item.

We think that all that the evidence shows plaintiffs entitled to recover for is $300.00 for loss of pasturage, $500.00 for cost of replacing wire fence, and $100.00 for clearing fence line of tree tops.

It is, therefore, ordered, adjudged and decreed that the judgment appealed be amended by reducing the amount thereof from $1,200.00 to $900.00, and that, as thus amended, it be affirmed.